**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ben GHOLSTON, Defendant–Appellant.**

No. 89–7326

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 6, 1991.

Timothy C. Halstrom, Montgomery, Ala.,
for defendant-appellant.

James Eldon Wilson, U.S. Atty., Kent B. Brunson, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before FAY, CLARK and BIRCH,
Circuit Judges.

PER CURIAM:

Defendant Ben Gholston brings this appeal from his conviction on a two-count indictment charging him with assault on a federal official and committing such an assault with a dangerous weapon under 18 U.S.C. § 111. Claiming that there are no nonfrivolous grounds for appeal, counsel for Gholston has moved to withdraw after filing a brief as required by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon the filing of an *Anders* brief, a reviewing court is required to conduct a full examination of the record to decide whether the case is wholly frivolous and, only after that inquiry, may it consider the appeal on the merits. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988).

Pursuant to his obligation under *Anders,* Gholston's counsel identified a possible ground for appeal. The record shows that the assault in this case occurred when Gholston overturned a desk onto a receptionist at a local office of the Social Security Administration and then hit her in the neck with his hand. Gholston's counsel notes that the district court may have erred in not granting his motion for judgment of acquittal because a desk cannot be considered a "dangerous weapon" within the meaning of section 111. We, however, agree with defense counsel that this argument lacks any merit. "The determination whether an object constitutes a 'dangerous weapon' turns not on the object's latent capability alone, but also on the manner in which the object was used." *United States v. Guilbert,* 692 F.2d 1340, 1343 (11th Cir.1982), *cert. denied,* 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983). Thus, we and other courts have found that

pool sticks, *see id.* at 1343–44, broken bottles, *see Thornton v. United States,* 268 F.2d 583, 584 (D.C.Cir.1959), and chairs, *see United States v. Johnson,* 324 F.2d 264, 266 (4th Cir.1963) can be considered a dangerous weapon under the appropriate circumstances. In this case, we believe that a jury could have reasonably found that a desk, overturned onto a person, is also a dangerous weapon.

Our independent review of the record discloses that there was sufficient evidence at trial to support Gholston's conviction. In reviewing the record, we note that defense counsel filed notice pursuant to Fed. R.Crim.P. 12.2(a) of defendant's intention to rely on the defense of insanity. The record also reflects that the district court instructed the jury that it could return an alternate verdict of not guilty only by reason of insanity. *See* 18 U.S.C. § 4242(b).

█ Without expressing any opinion on the subject of the effectiveness of defense counsel with respect to the insanity defense, we observe that counsel did not move for a mental examination of defendant as permitted by Rule 12.2(c) nor seek appointment of a mental health profession as permitted under the authority of *Ake v. Oklahoma,* 470 U.S. 68, 83, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53 (1985). Counsel did call as a defense witness Dr. Carl Kirkland, a licensed psychologist, who had previously examined Gholston upon an order granting a motion filed by the Government for an examination to determine his mental competency to stand trial pursuant to 18 U.S.C. § 4241.

The record does not shed any light on whether counsel conferred with Dr. Kirkland prior to the latter taking the stand. The testimony does reflect that Dr. Kirkland had not reviewed Gholston's extensive psychiatric hospital records which were in defense counsel's possession. The competency hearing testimony also demonstrates that Gholston was hostile and somewhat uncooperative during Dr. Kirkland's examination and did not look upon him as a person who had his interests in mind. Thus, we are left with an inference, but certainly not a clear impression, that defendant Gholston might have been well served if an independent mental health profession had been appointed to examine him and advise defense counsel with respect to the insanity defense. *See Ake,* 470 U.S. at 82, 105 S.Ct. at 1095–96 (stating that "without the assistance of a psychiatrist to conduct a professional examination on issues *relevant to the defense,* to help determine whether the insanity defense is viable, to present testimony, and to assist in preparing the cross-examination of a State's psychiatric witnesses, the risk of an inaccurate resolution of sanity issues is extremely high" (emphasis added)).

Our comments about the absence of a motion for appointment of a psychiatrist is not meant in anyway as a criticism of counsel. We have an incomplete record with respect to the thought processes and actions of defense counsel with respect to the insanity defense. Nevertheless, our review under the *Anders* standard requires us to consider every aspect of the trial and whether the defendant's conviction was subject to any defects. It may be that our standard of review under *Anders* is higher than in an ordinary appeal where appellate counsel points out specific issues for us to review.

Nonetheless, the general rule in this circuit is that claims of ineffective assistance of counsel may not be raised for the first time on direct appeal because there usually has not been an opportunity to develop in the record evidence on the merits of these allegations. *See United States v. Carter,* 721 F.2d 1514, 1537 n. 32 (11th Cir.), *cert. denied sub nom. Morris v. United States,* 469 U.S. 819, 105 S.Ct. 89, 83 L.Ed.2d 36 (1984); *United States v. Stephens,* 609 F.2d 230, 234 (5th Cir.1980). In a few exceptional cases, however, we have taken review of a claim of ineffective assistance of counsel raised for the first time on appeal when the matter was fully apparent on the existing record. *See, e.g., United States v. Brown,* 591 F.2d 307, 310 (5th Cir.), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). As noted above, the instant case is not a member of that rare species because the record is to-

tally devoid of defense counsel's impressions as to his client's trial strategy. Thus, Gholston's only avenue for seeking judicial review of his claim for ineffective assistance of counsel would be to move under 28 U.S.C. § 2255 for collateral relief from his conviction.

The judgment of conviction is AFFIRMED. The motion of Timothy C. Halstrom to withdraw as court-appointed counsel is GRANTED.