OPINION AND ORDER

OPENING STATEMENT

Appellant seeks reversal of his conviction for abduction and child molesting. The issue addressed on this appeal is whether appellant was denied a fair trial due to ineffective counsel.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant Nathan Navasie, a Hopi Indi-an, was a volunteer wrestling coach at Hopi Junior/Senior High School. Appellant drove alleged victim R. H., aged 14 years, and four other children home after *329 school in his private vehicle on February 6, 1998. Criminal Complaint (C.C.) at 1. Appellant drove past the alleged victim’s home after dropping off the other children at their homes. Id. The alleged victim claims that appellant drove past where she had directed him to stop and parked in a remote location known as the old dump near Hotevilla Village. Id. She claims that when she attempted to leave the vehicle, appellant reached around her and locked the car door, detaining her without her consent. Trial Tape 4. She alleges that appellant then grabbed her around the waist, pulled her to him, and kissed her lips and neck, despite her asking him to stop. C.C. at 1. Appellant allegedly caused a blemish known as a hickie to appear on the alleged victim’s neck. Id. The alleged victim stated that appellant had often commented on her figure and asked her personal questions, and that he was always nice to her, trying to be her friend. Victim’s Statement, Pre-Sentence Investigation (V.S.) at 3. She said she had heard that he was “that kind of person,” always talking to girls. Id. The alleged victim also testified that she told appellant where she lived and had discussed with him one of her neighbors, who appellant claimed to know personally. Trial Tape 4.
Appellant denies these charges. He claims that he did not know where the alleged victim lived, and that -when he asked her repeatedly she responded only with, “over there.” Defendant’s Statement, Pre-sentence Investigation (D.S.) at 2. Appellant claims that when he stopped to get directions, the alleged victim talked to him in the car about problems she was having. Id. Appellant claims that he gave her a support hug and a kiss on the forehead. Id. He claims that she knew the gesture was for support and didn’t resist or become upset. Id. Appellant claims that at about 5pm he dropped the alleged victim off by the kiva area and went to pick up his girlfriend at her work. Id, Appellant says children at the school talk to him about their problems, and that the alleged victim had written him notes about her problems before. Id. Appellant and the alleged victim were the only eyewitnesses to the events composing the alleged crime.
Appellant was charged with the crimes of abduction, Hopi Ordinance 21 § 3.3.2, and child molesting, Hopi Ordinance 21 § 3.3.13. C.C. at 1. The prosecution made its case before the trial judge on August 25, 1998, presenting several witnesses who testified as to the version of events related to them by the alleged victim. The trial was then recessed until September 8, 1998, when the defense presented its case, offering,appellant as its sole witness. The trial court found appellant guilty as charged. On October 1, 1998, the trial court sentenced appellant to 365 days in jail for each count (time to be served concurrently) and ordered him to pay $100 in court fees. The appellant subsequently withdrew his counsel Richard George, a lay advocate, and substituted Joe Washington, a member of the Hopi Bar.
In compliance with Rule 37(c) of the Hopi Rules of Civil and Criminal Procedure, appellant filed a timely notice of appeal on October 21, 1998, within 20 days of the trial court’s final order issued on October 1, 1998. The Hopi Appellate Court has jurisdiction to hear this appeal because appellant was sentenced to more than thirty days imprisonment. Hopi Ordinance 21 § 1.2.5.

ISSUES PRESENTED ON APPEAL

Appellant appeals the trial court’s judgement on the grounds that he was denied effective counsel in violation of the Indian *330 Civil Rights Act.[1]

DISCUSSION

I. APPELLANT WAS DENIED A FAIR TRIAL DUE TO INEFFECTIVE COUNSEL.
A. Appellant did not knowingly waive his right to counsel.
Appellant’s defense counsel at trial was Richard George. George is a lay advocate, not a member of a state bar or a law school graduate. Hopi law grants a criminal defendant the right to counsel at his own expense, and requires that a criminal defendant knowingly waive this right before he can proceed pro se or with a lay advocate as his counsel. Hopi Ordinance 21 § 2.8.5, § 1.9.4. There is no evidence on record that appellant made such a waiver.
Although the term “knowingly” is not defined in the Ordinance, the Court described a proper waiver in Hopi Tribe v. Ami, 0598/89, AP-003-89 (1996), and set forth a two-part test of waiver validity in Harvey v. Hopi Tribe, 1259/88, AP-001-89 (1997). First, a criminal defendant must signify his awareness of his options for representation by completing the Legal Rights Form. Harvey at 4. This Form, completed by a criminal defendant at arraignment, asks if he wants representation, warns him of the disadvantages of not retaining counsel, and describes the maximum penalties for his crime. Ami at 8. Second, the trial judge must conduct an “active inquiry” to ensure that the defendant understands the legal effect of waiving his right to counsel. Harvey at 3-A. The Court listed seven mandatory components of this inquiry in Ami; they include describing to the defendant his available options for counsel, ensuring that the defendant has the capacity to understand the judge (including consideration of defendant’s level of education and ability to understand English), and asking the defendant if he knowingly waives his right to an attorney at his own expense. Ami at 10.
Although Hopi Law requires the Legal Rights Form and active inquiry, defendants charged with crimes under Hopi law are not guaranteed counsel by Hopi, federal, or state law. The Sixth Amendment of the U.S. Constitution compels state and federal courts to provide counsel to criminal defendants, but this provision does not apply to Indian tribal courts. Harvey at 3.[2] However, the Indian Civil Rights Acts of 1968 (ICRA) gives limited protection to criminal defendants, providing that “no Indian tribe ... shall ... deny to any person in a criminal proceeding the right ... at his own expense to have the assistance of counsel.” 25 U.S.C. § 1302(6). While the Hopi Tribe has neither accepted nor rejected ICRA,[3] the sec *331 tion of the Hopi Ordinance addressing the right to counsel tracks the language of the federal statute: “In all criminal prosecutions, the accused Indian shall have the right to defend himself in person or, at his own expense, by counsel.” Ordinance 21, § 2.8.5. Although this provision stops short of guaranteeing a right to counsel, the Hopi courts have interpreted it as requiring at a minimum that criminal defendants be informed of their options for counsel and choose knowingly amongst them. Harvey at 4. These options include retaining an attorney at the defendant’s own expense, retaining a lay advocate at his own expense, or acting pro se. Id. at 4. In addition, the Hopi Tribe currently offers a public defender program to indigent defendants.
There is no record that appellant in this case was informed of his options regarding representation or made a knowing waiver of an attorney in favor of a lay advocate. There is no Legal Rights Form on record, nor is there evidence that the trial judge conducted an inquiry as to whether appellant understood the significance of his choice of representation. Since neither prong of the Harvey test is satisfied, the appellant did not make a knowing waiver of his right to counsel as required by Hopi law.
In both Ami and Harvey, the Court held the lack of a proper waiver to be reversible error. This was so even though there were Legal Rights Forms on record in both cases, because the defendants’ answers on the form were ambiguous, and the trial judge failed to clarify them through the required “active inquiry.” Harvey at 4-7; Ami at 9. In Ami, the Court also found the Form itself to be deficient, because it failed to adequately inform defendants of their rights. And at 8. For example, the form did not list the criteria to qualify for representation by a public defender. Id. The Court concluded that the form “must be amended to conform with minimum requirements to protect a criminal defendant’s rights,” and listed the necessary amendments. Id. at 9. Notably, the Form still has not been amended as mandated by the Court, leaving open the risk that even signed Forms will continue to be deemed inadequate waivers.
If even a signed Legal Rights Form is not sufficient to waive a criminal defendant’s right to counsel under Hopi law, then a proper waiver clearly cannot be found where the Form is completely lacking. There is no Form on record in this case and no evidence that appellant was ever presented with one, or otheiwise advised as to his options for counsel and their potential consequences. While it is possible that this portion of the record is lost or destroyed, or that the trial judge conducted an active inquiry into the issue of appellant’s counsel off the record, the Court has held that in the absence of any proof otheiwise, it shall presume that the defendant’s right to counsel was improperly waived. Ami at 6.
Although the appellant in this case proceeded with a lay advocate as counsel, he still was denied the opportunity to consider all his available options.[4] Given such an opportunity, he might have obtained a public defender or retained an attorney, which is what he ultimately did when his lay *332 advocate proved ineffective. Absent the opportunity, appellant’s representation by lay advocate does not reflect a knowing choice, and therefore undermines the purpose of the Hopi rules regarding the right to counsel: ensuring a fair trial through promoting a conscious and active role by the defendant in his defense.
The lack of a proper waiver alone constitutes sufficient grounds for reversal of appellant’s conviction by the trial court, regardless of whether it led to ineffective counsel. See supra note 3. However, appellant’s related claim of ineffective counsel also merits discussion, as it raises important issues of first impression in this Court.
B. Appellant had ineffective counsel at trial.
Appellant argues that his lay advocate Richard George failed to provide effective assistance of counsel at trial. Appellant points to a number of incidents demonstrating his advocate’s incompetency: George did not move to sequester prosecution witnesses when given the opportunity; he had hearing problems that inhibited his ability to cross-examine witnesses; he did not object to the unusual recess and delay of the trial, which resulted in the prosecution calling new rebuttal witnesses and essentially reopening its case; he failed to call an important defense witness; he made no remarks in consideration of sentencing; he was unprepared for trial, as opposing counsel himself pointed out; he did not investigate or produce evidence regarding the “hickie” appellant was alleged to inflict; and he made a late and unnecessary effort to suppress a statement by appellant, confusing the trier of fact. At least some of these allegations are sufficiently supported by the record and sufficiently egregious to warrant reversal of the appellant’s conviction due to ineffective counsel.
The issue of ineffectiveness of counsel is one of first impression for the Hopi courts. It is therefore appropriate to consult federal and Arizona state law for guidance on the matter, bearing in mind that Hopi courts retain the discretion to adopt, reject, or modify such law according to the needs of the Hopi community. Hopi Resolution H-12-76 § 2.
Under federal law, a criminal defendant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellate court reviews the issue of effectiveness of counsel de novo, since it raises mixed questions of law and fact. Crandell v. Bunnell, 144 F.3d 1213 (9th Cir.1998). Furthermore, appellate review of a counsel’s strategic decisions is highly deferential, so that a reversal is not obtained simply because hindsight reveals an unsuccessful defense. United States v. Appoloney, 761 F.2d 520, 525 (9th Cir.1985).
In order to demonstrate ineffective counsel, federal law requires that an appellant satisfy a two-pronged test. Strickland at 669, 104 S.Ct. 2052. First, the appellant must show that his counsel’s actions were unreasonable under the circumstances in light of prevailing professional norms. Second, appellant must demonstrate a reasonable probability that, absent counsel’s unprofessional errors, the result of the proceedings would have been different. Id. at 669-70, 104 S.Ct. 2052. In other words, the counsel’s conduct must have so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Id. This strict standard means that the appellant must overcome a strong presumption that his counsel’s conduct fell *333 within the wide range of reasonable professional assistance. Id.
The Arizona state courts have adopted the Strickland test. State v. Nash, 143 Ariz. 392, 694 P.2d 222, 227 (1985). Arizona caselaw also comports with federal law in requiring a high degree of deference to counsel’s trial strategy. In State v. Lucas, an Arizona appeals court ruled that matters of trial strategy will not support a claim of ineffective counsel, provided the challenged conduct had some reasoned basis. 164 Ariz. 540, 794 P.2d 1353 (1990). In Nash the court also required that the appellant specify acts or omissions that show ineffective counsel. Nash at 227.
The appellant in this case has specified acts and omissions by his lay advocate that demonstrate ineffective counsel under the Strickland test. Appellant alleges that his counsel failed to request the sequestration of the prosecution’s witnesses when given the option by the court. These witnesses testified as to the story related to them by the alleged victim. Because the witnesses were allowed in the courtroom prior to taking the stand, each witness could hear the testimony of the witnesses preceding him or her. Thus each witness could simply have reiterated what was said by other witnesses. Hopi law does not contain a provision mandating the sequestration of witnesses. However, since this case hinged in large part upon the “corroboration” of the alleged victim’s testimony, the defense advocate’s failure to seek exclusion of witnesses so that they could not hear each other’s testimony was a major omission and constitutes irresponsible and ineffective representation.
Appellant also alleges that his lay counsel had severe hearing problems that resulted in ineffective representation. Appellant contends that these hearing problems impeded his counsel’s ability to conduct cross-examination of witnesses. This contention is supported by the transcript, which reveals several instances where defense counsel could not hear witnesses. Since witness testimony constituted the sole evidence in this case, competent cross-examination was essential to an adequate defense. Obviously, counsel cannot effectively question witnesses in order to challenge their version of events if he cannot hear their testimony in the first place.[5] Inability to handle cross-examination goes beyond a mere mistake in trial strategy; it constitutes a serious breach of professional norms of criminal defense, thus satisfying the first prong of the Strickland, test. The second prong of the test is also satisfied, because the outcome of the case may well have been different if counsel’s hearing had afforded him the opportunity to counter witness testimony. Such testimony likely formed the basis for appellant’s conviction, since it was the only evidence against him. If appellant’s counsel had poked holes in this testimony, it is reasonably probable that the trier of fact would have sustained reasonable doubt, preventing conviction.
An essential fact testified to by witnesses in this case was the “hickie” the alleged victim claimed appellant put on her neck. A police officer testified for the prosecution that he observed a light blemish on the alleged victim’s neck on the day of the incident. In his police report, how *334 ever, he noted that the blemish was “too light to show up in a polaroid photograph.” This essential evidence was never elicited by appellant’s counsel for the Court’s consideration. Moreover, counsel failed to investigate the “hickie” allegation prior to trial or to call any witnesses that might refute or otherwise shed light upon it. A light blemish that could not be photographed could be evidence of an old “hick-ie” rather than a new one. In fact, a supplemental police report by the above police officer recounting an interview with appellant stated that appellant told police that the alleged victim had hickies on her neck “all the time.” Defense counsel also failed to elicit this evidence. Federal Rule of Evidence § 412 forbids admission of evidence of sexual behavior by the alleged victim, but an exception to the rule is made for evidence offered to prove that a person other than the accused was the source of the injury, so long as this evidence is not based on reputation or opinion. Fed. R.Evid. § 412, 412(A). Under this exception, appellant or other witnesses could have testified that they had previously seen such blemishes on the alleged victim, planting a reasonable doubt regarding its source. Defense counsel’s failure to mount any attack whatsoever on the “hickie” evidence seriously hindered his client’s defense, and could reasonably be said to be both an unprofessional and a dispositive error.
The above errors meet the Stride-land test for ineffective counsel. They are not merely strategic shortcomings; they are clear violations of the prevailing norms for professional conduct of defense counsel, and they likely affected the outcome of the trial. However, since this standard comes from a foreign jurisdiction, Hopi courts should consider whether it is suited to the Hopi community before adopting it. Representation by lay counsel has distinct advantages for Hopi litigants, including affordability and cultural familiarity, that merit preservation. Nonetheless, lay counsel should not be permitted to practice without basic competency in law and procedure. The Strickland test, in assessing the effectiveness of counsel by what is reasonable under the circumstances, allows competency to be evaluated in light of Hopi norms. It strikes an appropriate balance between the need to protect defendants from inept counsel and the need to take into account the relevant cultural context, and thus can be applied to both lay advocates and attorneys. Since appellant’s lay advocate provided ineffective counsel under the Strickland test, his conviction is reversed.

ORDER OF THE COURT

Because appellant did not meet the Ami and Harvey requirements for a knowing waiver of his right to counsel under the Hopi Ordinance, and because he had ineffective counsel under the Strickland test hereby adopted, his conviction by the Trial Court is REVERSED.

. Appellant also appeals on the grounds that the trial court improperly admitted prejudicial hearsay and rebuttal evidence against him. Since the case is resolved on the question of ineffective counsel, we do not reach this issue.

. Hanvy cited federal caselaw in agreement, quoting the Ninth Circuit in Torn v. Sutton: “Congress in enacting the Indian Bill of Rights did not intend to require the Indian tribal courts to provide counsel for indigent defendants in criminal cases." 533 F.2d 1101, 1104 (9th Cir.1976).

.Hopi Resolution H-12-76 § 2 dictates that federal and state statutory and common law are merely persuasive, not mandatory, authority. Unless the Supremacy Clause of the U.S. Constitution requires that federal law take a higher order of precedence, Hopi courts are free to reject or modify federal law that does not meet the needs of the Hopi community. See Ami; see also Tribe v. Makhewa, AP-008-93 (1995).

. The defendant in Harvey did retain counsel, and in fact was represented by the same attorney appellant has retained for this appeal, Joe Washington (who appellant substituted after withdrawing lay advocate George). Harvey at 1. The Court iit Harvey made no findings as to the attorney's competence, reversing the conviction solely because the requirements for a proper waiver had not been met. In Ami, the defendant proceeded on a pro se basis without any representation after an improper waiver. Ami at 1.

. What questions the defense counsel did ask on cross-examination further reveal his incompetency. In a belated and unnecessary attempt to suppress a written statement by appellant, counsel asked what amounted to voir dire questions of a witness to whom the statement had been made after the exhibit had already been admitted. The questions illustrated counsel’s lack of understanding of his pretrial duties, such as the filing of motions to suppress, and his lack of preparation for trial.