O PINION AND ORDER

Appellant asserts ineffective assistance of counsel in his criminal trial below and that he was denied a fair trial due to prejudice by the Prosecutor.

STATEMENT OF RELEVANT FACTS & PROCEDURAL HISTORY

[1] On November 24, 2003, the Hopi Tribal Prosecutor filed its criminal complaint against the Appellant, for one count Breaking & Entering the residence of Gabriel Talawyma in Moencopi Village, and for one count Assault & Battery upon Tino Talawyma. Norma L. Classen of DNA-People’s Legal Services, Inc. entered her notice of appearance on behalf of the Appellant on June 8, 2004.
[2] At trial on July 28, 2004, the tribe presented the testimony of three witnesses: Gabriel Talawyma, owner of the residence allegedly broken into, Tino Ta-lawyma, the owner’s son and alleged victim of the assault and battery, and Officer Bahnimptewa, the investigating officer who arrived on the scene. The defense did not call any witnesses nor did the Defendant testify on his own behalf.
[3] The judge found Appellant guilty on both charges. Appellant was convicted of one count Breaking & Entering and convicted of one count Assault & Battery. Appellant was sentenced on the same day as his trial to 120 days in jail for Breaking & Entering, and sentenced to 365 days in jail for Assault & Battery. The jail time was to be served consecutive. A $100.00 court cost was also imposed. Appellant was given credit for 103 days of time served in jail.
[4] Prior to sentencing, the Appellant was given an opportunity to make a statement to the court. In his statement, Appellant apologized for what he did. He claimed Tino stole some things from him
*251 and that he went to Tino’s residence to get those things back. He also claimed Tino walked out of the house with the bat, hit him with the bat a few times, and got him on the ground, where he stayed for a while before getting up and following him inside. The tribal Prosecutor objected to the Appellant’s statements because it was not proper time to take new testimony. Appellant’s counsel argued that Appellant was not testifying because he was not under oath. Appellant resumed his statement, apologized again, admitted being intoxicated at the time but claimed he never struck Tino with the bat. Appellant asked for a light sentence, probation, and expressed a willingness to take anger management classes.
[5] Appellant’s counsel moved for leave to withdraw as counsel on August 2, 2004. The trial court granted the motion on August 2, 2004, and a certified copy of the order granting the motion was mailed/delivered to the tribal Prosecutor.
[6] Appellant timely filed his notice of appeal on August 6, 2004, ten days after the entry of the order of judgment appealed. Appellant claims on appeal ineffective assistance of counsel because counsel did not call him to testify at the trial; did not use any of the information given to her for the trial; and did not give him a copy of the police report. Appellant also claims the Prosecutor hated him and was prejudiced against him.

APPELLATE JURISDICTION

[7] Pursuant to Ordinance 21, Section 1.2.5, the Appellate Court of the Hopi Tribe has jurisdiction to hear appeals from final judgments and other final orders of the Tribal Court of the Hopi Tribe, except in criminal cases where the defendant is sentenced to less than thirty days imprisonment or labor and/or to pay a fine of less than $50.00. A final judgment in this matter was filed on July 28, 2004. Appellant was convicted and sentenced for more than thirty days imprisonment, and Appellant timely filed his Notice of Appeal. We therefore, have proper jurisdiction to hear this matter.

DISCUSSION

A. Ineffective Assistance of Counsel
[8] This Court has considered ineffective assistance of counsel claims but was not clear about the proper procedure for raising such claims. In Navasie v. Hopi Tribe, this Court adopted the standard held in Suicida,nd v, Washington for ineffective assistance of counsel. Navasie v. Hopi Tribe, 2 Am. Tribal Law 327, 1999 WL 34977087 (1999). Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must first show that his counsel’s actions were unreasonable under the circumstances in light of prevailing professional norms. Then, the defendant must demonstrate a reasonable probability that, absent counsel’s unprofessional errors, the result of the proceedings would have been different. Navasie v. Hopi Tribe.
[9] In Navasie, the Appellant pointed to several incidents to prove counsel’s ineffective assistance and this Court found “[a]t least some of these allegations are sufficiently supported by the record and sufficiently egregious to warrant reversal of the appellant’s conviction due to ineffective assistance of counsel”. This Court also considered an ineffective assistance of counsel claim in Taylor v. Hopi Tribe, Case No. 00AC000002 (2000). In a direct appeal of her conviction, Appellant in that ease raised a claim of ineffective assistance of counsel with respect to counsel’s failure to call a witness to testify. This Court reviewed the claim and ruled that appellant failed to show that the outcome of the *252 trial would have been different if the witness had been called to testify. This Court did not comment on sufficiency of the trial record.
[10] Courts prefer defendants to raise such claims in a petition for a writ of habeas corpus because it permits the trial judge first to decide whether the claim has merit, and second, if it does, to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted. One of the reasons for this preference is that “the allegedly ineffective attorney should generally be given the opportunity to explain the conduct at issue”. U.S. v. Khedr, 343 F.3d 96, 99-100 (2d Cir.2003). See also U.S. v. Gholston, 932 F.2d 904 (11th Cir.1991); U.S. v. Dixon, 213 F.3d 644 (9th Cir.2000); U.S. v. Osorio-Pena, 247 F.3d 14, 19-20 (1st Cir.2001). For example, the Arizona Supreme Court ruled that an ineffective assistance of counsel claim “is a direct attack on the competence of an attorney and constitutes a waiver of the attorney-client privilege ... an attorney should be allowed to defend himself, at least with regard to the particular contentions asserted, by revealing ‘at least that much of what was previously privileged as is necessary’ ”. State v. Moreno, 128 Ariz. 257, 260, 625 P.2d 320 (1981).
[11] We now clarify Navasie and Taylor on the process for raising ineffective assistance of counsel claims. The proper procedure for raising an ineffective assistance of counsel claim is to file a post-trial motion before the trial court pursuant to H.I.R.C.C.P. 35. This permits the trial court to hold an evidentiary hearing and take testimony from both the defendant and defense counsel with respect to the merits of the ineffective assistance of counsel claim,
[12] Defendant is deemed to have waived his attorney-client privilege by attacking the competency of his counsel, and defense counsel must only reveal as much as required to respond to the allegation of ineffective assistance of counsel.
[13] In this case, no post-trial motion raising the issue of ineffective assistance of counsel was raised. We therefore deny Appellant’s claim for relief on this issue. We note this decision does not preclude the Appellant from filing such a post-trial motion regarding the competency of his attorney.
B. Prosecutorial Bias
[14] Appellant argues “I also feel that the prosecutor has used prejudice against me. I know for a fact that she does not like me and that she used her hatred against me”. Appellant did not submit a further statement in support of his notice of appeal, and has not offered any evidence of the prosecutor’s “hatred” of him, nor of misconduct by the prosecutor based on her hatred and/or prejudice against him. Also, there is no evidence in the trial record to support this claim. It is not enough for Appellant to assert that the prosecutor disliked him. The prosecution has a duty to prosecute zealously. Whether or not the prosecutor likes the defendant is irrelevant. Therefore, we find no prejudice below due to prosecutorial misconduct.

ORDER OF THE COURT

[15] This appeal is DENIED. Appellant is free to raise ineffective assistance of counsel claims before the trial court in a post-trial motion pursuant to H.I.R.C.C.P Rule 35. If the trial court denies the motion, Appellant may then appeal the denial of the motion.