OPINION AND ORDER

FACTUAL AND PROCEDURAL BACKGROUND

[1] On October 19, 2004, Appellant Rod Duwala filed his Notice of Appeal to the judgment entered against him on September 29, 2004 in the jury trial of case no. 2003-TR-0403. On this same day, Appellant’s counsel also withdrew from his case. Hopi Indian Rules of Civil and Criminal Procedure (H.I.R.C.C.P.), Rule 37(0 requires that within 30 days of the filing of the Notice of Appeal the appellant shall file a written 'brief, memorandum, or statement in support of his appeal. The Appellant filed a timely notice of appeal, but never filed a brief or any other document stating the reasons and/or errors of law in support of his appeal. On April 20, 2005, the Hopi tribe filed a motion to dismiss the appeal. On April 21, 2005 oral arguments were heard at which time Appellant raised the following: issues: 1) whether there existed prejudicial prosecutorial bias result *390 ing from the history of dispute between Appellant, a former law enforcement officer, and the prosecutor, a former private criminal defense advocate; 2) whether the judge committed an error of law when he instructed the jury that they did not need to find a 0.08 minimum amount of blood alcohol concentration; and 3) whether Appellant’s advocate provided ineffective assistance of counsel when he foiled to enter at trial, evidence and other information that the Appellant requested be entered in his defense.

ISSCh’S ()\r APPEAL

[2] The primary issues in this appeal are 1) whether the prosecution engaged in prosecutorial bias; 2) whether the judge’s jury instruction was error of law; and 3) whether Appellant’s advocate failed to provide effective assistance of counsel at trial.

DISCUSSION

[3] Hopi Tribal Ordinance 21 § 1.2.5 states that the Appellate Court of the Hopi Tribe shall have jurisdiction to hear appeals from final judgments and other final orders of the Tribal Court of the Hopi Tribe, except in criminal cases where the defendant is sentenced to less than thirty days imprisonment or labor and/or to pay a fine of less than $50.00. Hopi Indian Rules of Civil and Criminal Procedure (HIRCCP), Rule 37(b) states that any party who is aggrieved by any final order, commitment or judgment of the trial court may appeal in the manner prescribed by this rule.
[4] A final judgment in this matter was filed on September 29, 2004. Appellant was found guilty and ordered to pay a $250.00 fine and $200.00 in court costs, and Appellant timely filed his Notice of Appeal. We therefore have proper jurisdiction to hear this matter.
A. NO FINDING OI PROSECUTO-RIAL BIAS
[5] In the oral arguments before the Appellate Court, Appellant argued that the prosecutor was biased against him as a result of a prior history of dispute when Appellant was a law enforcement officer, the prosecutor was a private criminal defense advocate, and Appellant would appear in trials to testify against her clients. However, Appellant has not submitted any further statements regarding this allegation, and has not offered any concrete evidence of the prosecutor’s bias against him. It is not enough for Appellant to assert that his history with the prosecutor led to prosecutorial prejudice. Nor is it enough to show that the prosecutor was vigorous in her prosecution of the case against him. “The prosecutor has a duty to prosecute zealously.” Hopi Tribe v. Chimerica 2004-AC-0004, 5 Am. Tribal Law 249, 2004 WL 5662013 (2004). We consequently find no prejudice below due to prosecutorial bias.
B. THE JUDGE’S JURY INSTRUCTION WAS NOT AN ERROR OF LAW
[6] Appellant also argued that the judge at the jury trial committed an error of law when he instructed the jury that they need not find a 0.08 minimum amount of blood alcohol concentration to find Appellant guilty of the charges against him. In support of his claim, Appellant cites Arizona Revised Statutes (A.R.S.) § 28-1381 A.2, which states, “It is unlawful for a person to drive or be in actual physical control of a vehicle in this state under any of the following circumstances: If the person has an alcohol concentration of 0.08 or more ...” (Id.)
[7] It is Appellant however, who is mistaken about: the law that he was charged *391 with violating. The Hopi Tribe, through its prosecutor’s office, charged Appellant with a violation of A.R.S. § 28-1381 AH, which states “... While under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree" [emphasis added]. This charge does not require a finding of any minimum blood alcohol concentration. Thus it was proper, and no error of law', when the judge instructed the jury that it need not find 0.08 alcohol concentration to find him guilty of the charges against him.
C. REMANDING FOR SPECIAL HEARING ON APPELLANT’S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL
[8] Finally, Appellant argues that he was provided with ineffective assistance of counsel when his advocate failed to enter evidence and other information he requested be entered in his defense.
[9] In Navasie v. Hopi Tribe, this Court adopted the standard held in Strickland v. Washington for ineffective of assistance. Navasie v. Hopi Tribe, 98AC000015, 2 Am. Tribal Law 327, 1999 Wl, 34977087 (1999). Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must first show that his counsel’s actions were unreasonable under the circumstances in light of prevailing professional norms. Then, the defendant must demonstrate a reasonable probability that, absent counsel’s unprofessional errors,, the result of the proceedings would have been different. Navasie v. Hopi Tribe.
[10] In Hopi Tribe v. Chimenea, we held that the proper procedure for raising an ineffective assistance of counsel claim is to a file a post-trial motion before the trial court pursuant to H.I.R.C.C.P. 35. This permits the trial court to hold an eviden-tiary hearing and take testimony from both the defendant and defense counsel with respect to the merits of the ineffective assistance counsel claim. We find that a similar procedure should be conducted in the matter at bar, and thus remand this case to the trial court for a special hearing-on Appellant’s claim of ineffective assistance of counsel.

ORDER OF THE COURT

[11] Appellant’s claims as to the prose-cutorial bias and judicial errors of law are hereby DISMISSED. This ease is REMANDED to the trial court for a special hearing on Appellant’s claim of ineffective assistance of counsel.