[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-15524

_____

D.C. Docket No. 03-00162-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHADDRICK LEVELL THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 7, 2006)**

Before TJOFLAT, BARKETT and HILL, Circuit Judges.

PER CURIAM.

Chaddrick Levell Thomas was convicted of two counts of violent bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and two counts of using, carrying, and possessing a firearm during and in relation to and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and conspiracy to use firearms during a crime of violence, in violation of 18 U.S.C. § 924(o). Thomas appeals his convictions and sentence. The government concedes *Booker* error in Thomas's sentencing, so the case will be remanded for re-sentencing. We remand in connection with his ineffective assistance of counsel claim as well. All other assignments of error are without merit.

## I.

Following the jury's guilty verdicts, Thomas filed a pro se motion, alleging that his trial counsel, Thomas Ostrander, had been "asleep during witness testimony, plaguing the trail with prejudice." The district court granted an evidentiary hearing on Thomas's allegations, and appointed Bjorn Brunvand to represent Thomas at the hearing.

At the evidentiary hearing regarding Ostrander's performance, Thomas testified, referring to handwritten notes regarding Ostrander's sleeping that he said he took during the trial. He testified that Ostrander had fallen asleep on three

2

separate occasions.  On the first of these occasions, Thomas testified that the United States Marshall in the courtroom called his attention to his counsel's sleeping by catching his eye and nodding toward Ostrander.  He testified that she signaled to him to nudge Ostrander to awaken him, which he did.  Thomas also testified that "there was some evidence the [United States] Attorney wanted to introduce, and the judge . . . asked if Mr. Ostrander objected to that , and Mr. Ostrander jumped up and said no questions for the witness" despite that Ostrander had not been asked to question the witness.  The witness on the stand throughout this incident was Sharon Delamain, a bank teller who witnessed one of the robberies.

Thomas also testified that he observed Ostrander sleeping on  two other occasions, both times during the testimony of Scotty Carpenter, a co-defendant who testified against Thomas.

Deputy Lisa Alfonso of the United States Marshal Service confirmed Thomas's testimony regarding the first incident.  She testified that she recalled the occasion during trial when Ostrander was "snoring," that the snoring had gone on "for quite a few seconds," and that she had gestured to Thomas to "nudge" Ostrander.  Marshal Alfonso also testified that on this occasion several of the jurors also noticed Ostrander's snoring.  She testified that Ostrander's snoring

3

went on "periodically" throughout the trial, with his head down, and his eyes closed. She was unable to specify which witnesses were on the stand during these episodes.

Fred Bohlig, the court security officer also supported Thomas's and Alfonso's observations of Ostrandrer's sleeping . He testified that a juror approached him near the jury room and told him that "she didn't think it was fair that Mr. Thomas's attorney was asleep." Bohlig was unable to identify what witnesses or witnesses might have been on the stand when the juror observed Ostrander sleeping.

Ostrander testified that, during the trial, he had been taking a medication for his diabetes that caused him to be very sleepy, and that at times he had been "struggling to stay awake." He agreed with the witnesses that he might have "nodded off or snored." He acknowledged that Thomas had "nudged me" and asked "are you okay?"

## II.

After the hearing, the district court issued its opinion denying the ineffective assistance of counsel claim. Based upon its own observation, the court specifically found that "at no time during the during (sic) the trial, which encompassed approximately 22 hours, did the Court witness attorney Ostrander

4

nodding off, sleeping or otherwise inattentive." Nonetheless, based upon the transcript, the court held that Ostrander "may have fallen asleep" on the one occasion during the testimony of Dalamain when the transcript reflects that Ostrander replied inappropriately to the court's query regarding admission of an exhibit. The court rejected the idea that sleep during this witness was prejudicial, however, because Dalamain's testimony went to an undisputed issue.

With respect to Thomas's claim that Ostrander slept on two other occasions, during a co-defendant's crucial testimony, the court specifically rejected his testimony, finding it vague as to the second occasion and contradictory with the transcript as to the time Ostrander slept on the third occasion. The court did not address the testimony of Alfonso that she observed Ostrander "periodically snoring" or Bohlig's testimony regarding the juror's comment.

### III.

We agree with the Second Circuit, that "sleeping counsel is tantamount to no counsel at all." *United States v. DiTommaso*, 817 F.2d 201, 216 (2d Cir. 1987). A claim that counsel slept through parts of a trial is a serious one that we must consider carefully. The Fifth Circuit has held that "credible evidence that defense counsel repeatedly slept" through portions of a trial, "compels the presumption that counsel's unconsciousness prejudiced the defendant." *Burdine v. Johnson*,

5

262 F.3d 336, 338 (5th Cir. 2001).

The troubling aspect of this issue in this case is that the district court was put in the position of both having to supply facts regarding Ostrander's sleeping as well as having to resolve factual differences between his own observations and those of others, including the defendant and court officers. While there is nothing wrong with the court serving as a witness, the court should not be put in the uncomfortable position of having to serve as both witness and fact finder, especially in this case where defendant's testimony was corroborated by court personnel.

We conclude, therefore, that a motion for new trial was not the appropriate vehicle for the resolution of the issue of ineffective assistance of counsel in this case. The proper resolution of this issue requires that the two vital functions of witness and fact finder be separated. This can be accomplished by a motion filed pursuant to 28 U.S.C. § 2255. Therefore, we decline to rule on the claim of ineffective assistance of counsel based upon the insufficiency of the record at this time. *United States v. Gholston*, 932 F.2d 904, 905-06 (11th Cir. 1991).

**IV.**

Accordingly, this case is remanded for re-sentencing. We decline to rule on the ineffective assistance of counsel claim, holding that the record is insufficiently

6

developed to permit our review. As to all other assignments of error, the judgment is affirmed.

**AFFIRMED IN PART, SENTENCE VACATED, REMANDED**.