[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17002
Non-Argument Calendar

_____

D. C. Docket No. 07-00272-CR-01-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE BRETT GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 25, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

George Brett Graham appeals his convictions and sentences for passing counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 472. Graham argues: (1) the government erroneously breached his initial plea agreement that was executed in North Carolina, by applying a subsequent agreement in Georgia after the case was transferred; and (2) his trial counsel was ineffective for allowing him to enter into the allegedly less-favorable Georgia agreement. We address these arguments in turn and affirm Graham's convictions and sentences.

I.

Graham argues the government was bound by, and consequently breached, the plea agreement executed in North Carolina, which allegedly contained more favorable terms. Although we typically review *de novo* whether the government has breached a plea agreement, *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir.), *cert. denied*, 129 S. Ct. 288 (2008), Graham failed to raise a contemporaneous objection in the district court,[1] so we review the alleged breach for plain error, *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1668 (2009). Plain error exists if there was

---

[1] Graham argues the district court also erred in failing to elicit objections from him after sentencing. *See United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990) (instructing the district court to "elicit fully articulated objections, following imposition of a sentence, to the court's ultimate findings of fact and conclusions of law"), *overruled in part on other grounds by United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993). The record supports the fact that the district court elicited objections from Graham's attorney after sentencing, so we conclude the court properly discharged its obligations under *Jones*.

(1) error; (2) that is plain, in that it is "clear or obvious, rather than subject to reasonable dispute"; (3) that affects defendant's substantial rights in that it would affect the outcome of the trial; and (4) if the first three prongs are satisfied, we have the *discretion* to remedy the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks omitted).

Whether the government violated the agreement is judged according to the defendant's reasonable understanding of the agreement at the time he entered the plea. *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). If the government disputes the defendant's understanding, however, we determine the terms of the agreement according to objective standards. *Id.* The standards to be applied to the interpretation of a plea agreement are as follows: (1) hyper-technical and rigid construction of the language in a plea agreement are unacceptable; (2) the written agreement should be viewed against the background of the negotiations and should not be interpreted to contradict directly an oral understanding; and (3) an ambiguous plea agreement must be read against the government. *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990). This method of interpretation reflects the fact that a plea agreement "constitutes a waiver of substantial constitutional rights," and the defendant needs to be adequately warned of the

3

consequences. *Id.* When a breach of an agreement by the government has been established, we may either order specific performance of the agreement, by means of re-sentencing before a different judge, or allow withdrawal of the plea. *Santobello v. New York*, 92 S. Ct. 495, 499 (1971).

In this case, there was no error, much less plain error, because the Georgia plea agreement superseded the North Carolina agreement. The record demonstrates that Graham voluntarily and knowingly entered the guilty plea in Georgia and that he reasonably understood its superseding effect. *See Rewis*, 969 F.2d at 988. Moreover, Graham was on notice that the Georgia agreement intended to supersede the North Carolina agreement because the clear and unambiguous Georgia agreement contained two integration clauses notifying him that no other agreements or promises from the government would be valid. Accordingly, we affirm as to this issue.

## II.

Graham argues, alternatively, if we hold that the Georgia plea in fact superseded the North Carolina plea, his trial counsel was ineffective in advising him to accept the less favorable plea. He contends this claim can be properly addressed on direct appeal because the ineffectiveness was apparent from the record. "We will not generally consider claims of ineffective assistance of counsel

4

raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). "In a few exceptional cases, however, we have taken review of [such] a claim . . . raised for the first time on appeal when the matter was fully apparent on the existing record." *United States v. Gholston*, 932 F.2d 904, 905 (11th Cir. 1991).

We decline to address Graham's ineffective-assistance-of-counsel claim because he did not raise the issue below and the record consequently was undeveloped as to the merits of the allegation. *See id.* For these reasons, we affirm Graham's convictions and sentences.

**AFFIRMED.**