[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 17, 2010
JOHN LEY
CLERK

No. 08-14898

_____

D. C. Docket No. 06-00472-CR-02-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATESHA GARNER,
KEITH GARNER,
SHALONDA HARRIS,
GREGG SAVAGE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(March 17, 2010)

Before EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,[*] District
Judge.

---

[*]Honorable William Henry Barbour, Jr., United States District Judge for the Southern
District of Mississippi, sitting by designation.

PER CURIAM:

Defendants have been convicted of engaging in a somewhat complicated mortgage fraud scheme. Although the particulars for each property varied, Defendants would submit mortgage documents to SunTrust Mortgage Company. One of the Defendants who worked at SunTrust would process the documents and approve the loans. These mortgage documents would indicate that the property was worth more than its fair market value or actual selling price, misrepresent the credit and employment history of the buyer, and misrepresent the amount of equity actually put into the home.

After the mortgages were approved, Defendants would split the proceeds among themselves, usually off the record. The FBI investigated and was able to get one co-conspirator to plead guilty and testify. Two co-conspirators fled and are still at large. The remaining co-conspirators were tried and convicted.

Briefly stated, the appeal now presents these issues: (1) whether there was sufficient evidence to convict each Defendant for their role in the conspiracy, (2) whether the District Court abused its discretion when it decided that prosecutors did not have a racial motive for striking a juror, (3) whether the District Court clearly erred in dismissing a juror who had a traffic accident, (4) whether the District Court abused its discretion in denying motions for a new trial, (5) whether

2

the District Court abused its discretion in admitting evidence and testimony, (6) whether the District Court abused its discretion in refusing to give a requested jury instruction, (7) whether the District Court abused its discretion in refusing to sever the trial of one co-conspirator, (8) whether the District Court abused its discretion during sentencing, and (9) whether one Defendant's lawyer was constitutionally ineffective.

We see no reversible error. We decline to rule on the claim of ineffectiveness of counsel; for background, see United States v. Gholston, 932 F.2d 904, 905 (11th Cir. 1991).

AFFIRMED.